## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SHANEKAH ROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 15CV5828 |
| | ) | |
| The CITY OF CHICAGO, a Municipal | ) | Judge |
| Corporation, and Chicago Police Officers | ) | |
| PHOEBE FLORES #17307, and JUAN | ) | Magistrate Judge |
| HERNANDEZ #10566, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, SHANEKAH ROSS, by and through her attorneys, Torreya L. Hamilton and Tony Thedford, makes the following complaint against Defendants CITY OF CHICAGO ("Defendant City"), and Chicago Police Officers PHOEBE FLORES #17307 and JUAN HERNANDEZ #10566 (collectively "Defendant Officers"):

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution and Illinois common law.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§1331, 1343 and 1367.

3. Venue is proper under 28 U.S.C. §1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

## PARTIES

4. Plaintiff SHANEKAH ROSS is a thirty-one year old resident of Chicago, Illinois.

5. Defendant OFFICERS were, at all times relevant to this complaint, Chicago police officers employed by Defendant CITY, acting within the scope of their employment under color of law.

6.  Defendant CITY is a municipal corporation and public entity incorporated under the laws of Illinois and was at all times relevant to this complaint the employer and principal of Defendant OFFICERS.

**FACTS**

7.  On June 28, 2014, ROSS was outside, about a block from her home, near the intersection of 78th and Marshfield in Chicago, Illinois.

8.  Defendant OFFICERS arrived at this location in a police vehicle.

9.  Defendant OFFICERS got out of their vehicle and approached an African-American male at the scene and began to physically assault him.

10. ROSS complained about Defendant OFFICERS actions and asked Defendant FLORES what the man had had done and why he was being arrested.

11. Defendant FLORES struck ROSS above the eye with an asp or a baton causing a two centimeter laceration to her right eyebrow area.

12. Defendant OFFICERS then tackled ROSS to the ground, causing further injury to ROSS.

13. ROSS is five foot two inches tall and on the date she was tackled by Defendant OFFICERS, she weighed approximately 130 pounds.

14. Defendant OFFICERS arrested ROSS.

15. ROSS was taken to a hospital to treat the multiple facial contusions she sustained at the hands of Defendant OFFICERS. Stitches were required to close the wound above her right eye.

16. To cover up their misconduct, Defendant OFFICERS created and/or approved false police reports regarding the circumstances of ROSS's arrest.

17.  Defendant OFFICERS charged ROSS with aggravated assault, battery, and resisting arrest and caused her to be prosecuted for these crimes.

18. On August 11, 2014, the all of the charges against ROSS were dismissed by the Cook County State's Attorney's Office.

## COUNT I
### (42 U.S.C. §1983, Excessive Force)

19. Each of the foregoing paragraphs is incorporated as if fully re-stated here.

20. As described above, the intentional conduct of Defendant OFFICERS towards ROSS was objectively unreasonable under the circumstances, and constituted excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

21. Each of Defendant OFFICERS was aware of the misconduct of his or her fellow officer, had a reasonable opportunity to intervene to prevent harm to ROSS, but failed to do so.

22. As a direct and proximate result of Defendant OFFICERS use of excessive force, Plaintiff suffered damages, which will be proven at trial.

   **WHEREFORE**, ROSS prays for a judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate her for her damages, plus a substantial sum in punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

## COUNT II
### (42 U.S.C. §1983, False Arrest)

23. Each of the foregoing paragraphs is incorporated as if fully restated here.

24. As more fully described above, Defendant OFFICERS seized and arrested ROSS without probable cause or any other legal justification to do so, in violation of her rights under the Fourth Amendment to the United States Constitution.

25. As a direct and proximate result of this illegal seizure, Plaintiff has suffered damages, including emotional damages and a loss of liberty, which will be proven at trial.

**WHEREFORE**, Plaintiff prays for a judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate her for her damages, plus a substantial sum in punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

## COUNT III
(Illinois Malicious Prosecution Claim)

26. Each of the preceding paragraphs is incorporated as if fully restated here.

27. As more fully described above, Defendant OFFICERS caused criminal proceedings to be initiated against ROSS and/or caused those proceedings to continue against her, without probable cause to do so.

28. With malice, willfulness, and/or reckless indifference to ROSS's rights, Defendant OFFICERS created false or inaccurate police reports and complaints, and/or made false statements to a prosecutor.

29. The criminal proceedings against ROSS were terminated in her favor, in a manner indicative of innocence.

30. As a direct and proximate result of Defendant OFFICERS' malicious prosecution, Plaintiff suffered damages as described in the preceding paragraphs, which will be proven at trial.

31. At all relevant times, Defendant OFFICERS were acting as agents of Defendant CITY, and were acting within the scope of their employment as Chicago police officers. Defendant CITY, therefore, is liable under the theory of *respondeat superior* as principal for the torts committed by Defendant OFFICERS against ROSS.

WHEREFORE, Plaintiff prays for judgment against Defendant OFFICERS and CITY in a fair and just amount sufficient to compensate her for the injuries she has suffered, as well as such other relief as is just and equitable.

**Plaintiff demands trial by jury.**

4

Respectfully Submitted,

SHANEKAH ROSS, Plaintiff


By:    /s Torreya L. Hamilton
        One of Plaintiff's Attorneys

The HAMILTON LAW OFFICE, LLC
53 West Jackson Boulevard, Suite 452
Chicago, IL 60604
312.726.3173
Atty. No.: 6229397


By:  /s Tony Thedford
        One of Plaintiff's Attorneys

The Law Office of Tony Thedford
53 West Jackson Boulevard, Suite 452
Chicago, IL 60604
312.614.0866
Attorney Number: 6239316